**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PETER PERRIEN AND SANDRA PERRIEN**               **CIVIL ACTION**

**VERSUS**                                                                        **NO. 06-8087**

**STATE FARM INSURANCE COMPANY**                   **SECTION "K"(2)**

**ORDER AND OPINION**

Before the Court is the "Motion for Partial Summary Judgment as to Mental Anguish Claims" filed on behalf of State Farm Fire & Casualty Company ("State Farm")(Doc. 45). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, **DENIES** the motion.

Peter and Sandra Perrien own a home located at 426 Moonraker Drive in Slidell, Louisiana. The home sustained significant damage as a result of Hurricane Katrina. At the time of Hurricane Katrina, State Farm entities provided the flood insurance and the homeowner's insurance on the Perriens' property.

Following the hurricane, plaintiffs filed claims with State Farm under both the homeowner's policy and the flood policy. State Farm paid plaintiffs the dwelling and contents limits under the flood policy and paid plaintiffs approximately $9,000.00 for damage to the roof and approximately $11,000 in additional living expenses under the homeowner's policy. State Farm denied the remainder of plaintiffs' claim under the homeowner's policy on the basis that the other damage had resulted from flood, an excluded peril under the homeowner's policy. Thereafter plaintiffs filed suit against State Farm seeking to recover, the policy limits under their homeowner's policy as well as damages for "[p]ast, present and future mental anguish and distress." (Doc. 1-4, p.5).

State Farm filed a motion for partial summary judgment seeking the dismissal of plaintiffs' claims for mental anguish and distress. State Farm asserts that those claims must be dismissed because Article

1998 of the Louisiana Civil Code[1] does not provide for damages for mental anguish under the facts of this case and because the Louisiana Supreme Court's holding in *Sher v. Lafayette Insurance Company*, ___ So.2d ___, 2008 WL 928486 (La. April 8, 2008), precludes an award of damages for mental anguish under La. Rev. Stat. §22:1220. Because plaintiffs in their opposition to defendant's motion do not urge that they are entitled to damages for mental anguish under Article 1998, the Court will address only defendant's contention that *Sher* forecloses an award of damages for mental anguish under §1220.

Prior to *Sher,* Judge Vance in *Weiss v. Allstate Insurance Company*, 512 F.Supp. 2d 463 (E.D. La. 2007) carefully and soundly analyzed the language of La. Rev. Stat. §22:1220, concluding that an insurer's breach of a statutory duty owned under §1220 gives rise to a claim for general damages such as emotional damages independent of Article 1998. In *Sher* the Louisiana Supreme Court focused its analysis on Article 1998 and did not specifically analyze the claim for damages for mental anguish under the statutory language of La. Rev. Stat. §22:1220. Because the *Sher* court did not explicitly analyze the plaintiff's claim for mental anguish under the statutory language of §1220, the Court declines to conclude that *Sher* forecloses a claim for damages for mental anguish for a breach of a statutory duty owed under §1220.

---

[1] Article 1998 of the Louisiana Civil Code Provides:

> Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known that his failure to perform would cause that kind of loss.
>
> Regardless of the nature of the contract these damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee.

The Court acknowledges that in *Veade v. Louisiana Citizens Property Corporation,* ___ So.2d ___, 2008 WL 2344671 at *4-5 (La. App. 4th Cir. June 4, 2008), the court of appeals, in reviewing an award of damages for mental anguish under La. Rev. Stat. §22:1220, affirmed the award only after concluding that plaintiffs had proved that the insurer had an "intent to distress" to distress the plaintiffs, one of the standards for recovery under Article 1998. However, despite that analysis, the Court concludes that, for the reasons stated by Judge Vance in *Weiss*, that La. Rev. Stat. 22:1220 creates a separate cause of action for general damages, including damages for mental anguish and distress, outside the scope of Article 1998.

New Orleans, Louisiana, this 8th day of July, 2008.

　　　　　　　　　　　　　　　　　　　　　　　　　STANWOOD R. DUVAL, JR.
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE