UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PETER PERRIEN AND SANDRA PERRIEN | CIVIL ACTION |
| VERSUS | NO. 06-8087 |
| STATE FARM INSURANCE COMPANY | SECTION "K"(2) |

ORDER AND OPINION

Before the Court is the "Motion for Summary Judgment on Coverage A and Coverage B Damages" filed on behalf of defendant State Farm Fire and Casualty Company"("State Farm") (Doc. 47). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion to the extent that it seeks to dismiss plaintiffs' contents claim for failure to comply with the policy requirement to provide State Farm with a detailed contents inventory and DEFERS consideration of the remaining grounds of the motion until the Court issues its ruling on State Farm's "Motion in Limine to Exclude the Expert Opinion Testimony and Reports of Plaintiff's Adjuster Steve Hitchcock."

BACKGROUND

Peter and Sandra Perrien own a home located at 426 Moonraker Drive in Slidell, Louisiana. The home sustained significant damage as a result of Hurricane Katrina. At the time of Hurricane Katrina, State Farm entities provided flood insurance and homeowner's insurance on the Perriens' property.

Following the hurricane, plaintiffs filed claims with State Farm under both the homeowner's policy and the flood policy. State Farm paid plaintiffs the dwelling and contents limits under the flood policy and paid plaintiffs approximately $9,000.00 for damage to the roof and approximately $11,000 in additional living expenses under the homeowner's policy. State Farm denied the remainder of plaintiffs' claim under the homeowner's policy on the basis that the other damage resulted from flood, an excluded peril under

the homeowner's policy. Thereafter plaintiffs filed suit against State Farm seeking to recover, among other things, the policy limits under their homeowner's policy.

State Farm seeks to dismiss plaintiffs' claim for additional payments under the homeowner's Coverage A (Dwelling) as well as under Coverage B (Contents/Personal Property). Relative to Coverage A State Farm asserts that plaintiffs have not satisfied their burden of proving wind damage beyond what they have previously been paid by State Farm under the homeowner's policy for wind damage. As for plaintiffs' claim for damages under Coverage B, State Farm urges that plaintiff has not identified the contents they claim were damaged by wind, as opposed to flooding, and have not produced any evidence segregating the contents damages sustained by wind from that sustained due to flooding. Additionally, as to Coverage B State Farm asserts that plaintiffs have breached their obligation under the policy to submit a proof of loss including an inventory of damaged personal property in connection with the wind damage claim.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more

than simply show that there is some metaphysical doubt as to the material facts. "[M]ere allegations or denials" are not sufficient to defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e). The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U .S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## LAW AND ANALYSIS

The parties do not dispute that different burdens of proof apply to the claim for damages to the dwelling and other structures under Coverage A of their homeowner's policy and to the claim for damages to contents and personal property under Coverage B of their homeowner's policy. In *Ferguson v. State Farm Ins. Co.*, 2007 WL 1378507 at *1-2 (E.D. La. May 9, 2007) Judge Berrigan succinctly set forth the two distinct burdens of proof:

> Coverage A, for the dwelling and other structures, is an "open peril" policy, providing coverage for "accidental direct physical loss," subject to the policy's specific exclusions, limitations and conditions. Under an open peril policy, if the insureds meet their threshold burden of proving an accidental direct physical loss to the insured property, then the burden shifts to the insurer to prove the applicability of any asserted exclusion by a preponderance of the evidence. Under Louisiana law, the insurance company has the burden to prove that a loss comes within a policy exclusion. . . . Should the defendant meet their burden of proving the exclusion, the burden will again shift back to the plaintiffs to prove they fall under an exception to the exclusion by a preponderance of the evidence.

3

> Coverage B, for the contents or personal property, is a "named peril" policy, providing coverage for "accidental direct physical loss," on a named or specific peril basis. Under a named peril policy, the plaintiffs are required to prove by a preponderance of the evidence that their personal property was lost or damaged due to a specified covered risk named in the policy. Should the plaintiffs meet this threshold requirement, the burden then shifts to the insurer to prove the applicability of any asserted exclusion by a preponderance of the evidence . . ..

(internal citations omitted); *see also Broussard v. State Farm Fire and Casualty Company*, 2007 WL 2264535 at *2 (E.D. La. August 2, 2007)(Vance, J.).

### 1) Coverage A

State Farm urges that it is entitled to summary judgment on plaintiffs' claim under Coverage A because plaintiffs have not offered any competent evidence that they sustained structural damages beyond those for which they have already been paid due to a covered loss, i.e., wind. It is undisputed that plaintiffs have met their threshold burden of establishing "accidental direct physical loss" to their property. Similarly, there is no dispute that State Farm has established that the property flooded.

Thus, the burden is now on plaintiffs "to show either that their losses do not fall within the exclusion or, alternatively to segregate the amount of their covered losses from excluded losses." *Hyatt v. State Farm Ins. Co.*, No. 06-8792, 2008 WL 544182, at *2 (E.D. La. February 25, 2008)(Vance, J.). Plaintiffs submit the deposition of Gerald Sciacca, who lives three houses from plaintiffs, to establish that wind damaged their property. In his deposition taken in *Lambert v. State Farm Fire & Casualty Insurance Co.*, No. 06-8215, Mr. Sciacca testified that:

> around 8:30 [a.m.] or so it was blowing out to the north pretty good . . . the water was rising in the canal and that the wind was blowing out of the southwest and it was blowing quite hard. I watched one building not directly across from me. I guess it would be to the left of me. I watched it basically explode."

(Doc. 65-5). Mr. Sciacca also testified that his roof moved so much it appeared to be "breathing" and that

4

when the water entered his house, "it wasn't no big surge or any kind of rush like that". (Doc. 65-6, Doc. 65-9). Plaintiffs also rely on a portion of Nash Robert's expert report in the *Lambert* case stating that the highest winds at the Perriens' home apparently occurred between 8:30 a.m. and 9:15 a.m. and that "[i]t is estimated that the maximum sustained winds were from the North-Northeast and may have been as high as 100 mph with peak gusts to 135 mph, for a brief period during that time." (Doc. 65-3). The report also indicates that the National Weather Service-New Orleans issued Tornado Warnings for destructive winds with gusts of 100-120 mph at 7:25 and 10:49 a.m. on August 29, 2005, and that despite being issued as a tornado warning the warning was actually for "straight line winds." *Id.* Neither Mr. Sciacca's testimony nor Nash Robert's report specifically address the issue of damages at the Perriens' property, nor do they exclude flood as a cause of the damage to the property. However, when Mr. Sciacca's testimony and Nash Robert's report are considered in conjunction with the report and testimony of Steve Hitchcock, plaintiffs' expert witness, plaintiffs do raise a genuine issue of material fact concerning whether wind damaged their property. Mr. Hitchcock opined that wind and wind driven debris damaged plaintiffs' property, and he prepared a damage estimate segregating repair costs for wind and flood damage. However, because the Court has deferred ruling on State Farm's motion to exclude Steve Hitchcock's report and segregated damage estimate until trial, it is also necessary to defer ruling on this motion until such time as the admissibility of Mr. Hitchcock's testimony is determined.

### 2) Coverage B

As noted previously, because Coverage B is a named peril policy, plaintiffs have the burden of proving that their loss occurred due to a specified covered risk. The same evidence relied on to establish liability under Coverage A raises a genuine issue of material fact with respect to Coverage V assuming Mr.

Hitchcock's testimony on causation is admissible. Therefore, a ruling on State Farm's motion with respect to Coverage B is similarly denied until such time as the admissibility of Mr. Hitchcock's testimony is determined.

State Farm also urges that it is entitled to summary judgment on plaintiffs' claim under Coverage B because plaintiffs breached their obligations under the homeowner's policy.  Specifically, State Farm contends that plaintiffs were required to "submit to [State Farm], within 60 days after the loss, an inventory of all damaged or stolen personal property.  Under "Section I- Conditions' the policy sets forth the insured's duty after a loss, including:

> e. submit to us, within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
>
> . . . .
>
> (6) an inventory of damaged or stolen personal property as described in 2(c).

Subsection 2(c) provides that "[a]fter a loss to which this insurance may apply, you shall see that the following duties are performed . . . prepare an inventory of damaged or stolen personal property.  Show in detail the quantity, description, actual cash value and amount of loss.  Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory." (Doc. 47-10, p. 12).

State Farm asserts that plaintiffs have never filed such an inventory with respect to the wind claim. State Farm concedes that it received the requisite list in connection with the flood claim.  Plaintiffs state that they have filed the detailed inventory required, and in support of that contention submit a copy of the State Farm activity log indicating that on January 24, 2006 "Mr. Perrien came into the Hammond office and dropped off contents list for CR."  (Doc. 65-12) The activity log also indicates that adjuster Mike Beattie met with the Perriens on February 6, 2006 and "reviewed the contents issues with the insured's

[sic]. PPIFs will be faxed as soon received from support today. I requested the insured review for data entry accuracy. [sic] and if possible items not damaged/contacted by water." (Doc. 65-12) Plaintiffs also submit a "Contents Inventory Summary" apparently created by State Farm on February 22, 2006. The document does not identify who created it, and whether it was created for the flood claim, the homeowner's claim, or both.

Plaintiffs have submitted sufficient evidence to create a genuine issue of material fact concerning whether they complied with the obligation to provide a detailed contents inventory. The burden is on State Farm to show that it was necessary for more than one contents list to be filed by plaintiff. It is apparent that the contents list was not provided with in sixty (60) days of the loss, but because the thrust of State Farms' breach of obligation contention is that the contents inventory was never filed, not that it was not filed timely, the Court declines to grant State Farm summary judgment on the basis that the list was not filed within sixty (60) days of the loss. Because there is a genuine issue of material fact as to whether plaintiff provided State Farm with a detailed contents inventory for the wind claim, State Farm's motion is denied with respect to that defense.

New Orleans, Louisiana this 9th day of July, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE