UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PETER PERRIEN AND SANDRA PERRIEN               CIVIL ACTION

VERSUS                                          NO. 06-8087

STATE FARM INSURANCE COMPANY                    SECTION "K"(2)

### ORDER AND OPINION

Before the Court is the "Motion for Partial Summary Judgment as to Bad Faith Claims" filed on behalf of defendant State Farm Fire and Casualty Insurance Company" (Doc. 44). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, **denies** the motion in part and **grants** it in part.

### BACKGROUND

Peter and Sandra Perrien own a home located at 426 Moonraker Drive in Slidell, Louisiana. The home sustained significant damage as a result of Hurricane Katrina. At the time of Hurricane Katrina, State Farm entities provided the flood insurance and the homeowner's insurance on the Perriens' property.

Following the hurricane, plaintiffs filed claims with State Farm under both the homeowner's policy and the flood policy. State Farm paid plaintiffs the dwelling and contents limits under the flood policy and paid plaintiffs approximately $9,000.00 for damage to the roof, $400.00 for damaged contents, and approximately $11,000 in additional living expenses under the homeowner's policy. State Farm denied the remainder of plaintiffs' claim under the homeowner's policy on the basis that the other damage had resulted from flood, an excluded peril under the homeowner's policy. Thereafter plaintiffs filed suit against State Farm seeking to recover the policy limits under their homeowner's policy as well as statutory penalties, interest and attorney' fees pursuant to La. Rev. Stat. 22:658 and La. Rev. Stat. 22:1220 for State Farm's arbitrary and capricious failure to timely pay the amounts due to plaintiffs under their homeowner's

policy. (Doc 1-4, p.4).

State Farm filed this motion for partial summary judgment on plaintiffs' claims for "bad faith damages" under §658 and §1220 contending that plaintiffs have failed to offer any proof of State Farm's bad faith. State Farm also asserts that because there is a genuine dispute as to coverage under the homeowner's policy, plaintiffs cannot prevail on their claim for statutory penalties.

SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. "[M]ere allegations or denials" are not sufficient to defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e). The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588.

Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## LAW AND ANALYSIS

Louisiana Rev. Stat. 22:658 provides that an insured is entitled to statutory penalties if an insurer fails to pay a claim within thirty days of the insured providing satisfactory proof of loss *and* the insurer's failure to timely pay is arbitrary, capricious, or without probable cause. La. Rev. Stat. 22:1220 penalizes similar behavior. It permits an insured to recover consequential damages that result from an insurer's failure to pay a claim within sixty (60) days of receiving satisfactory proof of loss, if the delay in payment is "arbitrary, capricious, and without probable cause." La. Rev. Stat. 22:1220.

To recover under either statute, the plaintiff must demonstrate that the insurer (1) received a satisfactory proof of loss; (2) that the insurer failed to pay within the designated time period, and (3) that the failure to pay was arbitrary, capricious or without probable cause. *Boudreaux v. State Farm Mutual Automobile Insurance Company*, 896 So.2d 230, 233 (La. App. 4th Cir. 2005).

> The statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense. Especially when there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist.
>
> Both R.S. 22:658 and R.S. 22:1220 require proof that the insurer was "arbitrary, capricious, or without probable cause," a phrase that is synonymous with "vexatious." This court has noted that "vexatious refusal to pay" means unjustified, without reasonable or probable cause or excuse. Both phrases describe an insurer whose willful refusal of a claim is not based on a good-faith defense.

*Sher v. Lafayette Insurance Company*, ___ So.2d ___, ___ (La. April 8, 2008), 2008 WL 928486 at

*17-18, *citing Reed v. State Farm Mutual Automobile Insurance Company*, 857 So.2d 1012, 1020-21 (La. 2003).

Plaintiffs claim that State Farm's failure to timely pay the damages under the homeowner's policy qualifies as arbitrary, capricious, or without probable cause because it failed to follow its own Wind/Water Protocol which provides in pertinent part that:

> Each claim should be handled on its merits. A causation investigation should be conducted and appropriate claim file documentation is required. Any available information should be considered in making a coverage determination. This information will include, but is not limited to:
>
> • Evidence gathered at the on site inspection. This includes documentation of physical evidence such as water lines, an examination of the debris, and an analysis of the physical damage to the structure.
> • Evidence gathered at neighboring locations.
> • Data obtained from reports describing damage to the area.
> • Information from witnesses and policyholders.
> • Input from experts that may be retained to provide guidance.

(Doc. 64-4). Specifically plaintiffs allege that:

> The State Farm adjusters assigned to the Perriens' claim, both Mr. Woodward and Wind and Water investigators, either failed to or completely ignored evidence gathered at neighboring homes. They also failed to obtain data from reports describing damage in the area. Most glaringly they refused to consider or use the information provided by the only eyewitness to the wind damage as it was actually occurring. Wind damage occurred hours before water arrived. In fact, State Farm chose to withhold this information from its expert engineers and Wind and Water investigators.

(Doc. 66, p. 5).

There are genuine issues of material fact concerning whether State Farm adhered to the "Wind/Water Protocol" and what information State Farm's engineering experts had at the time they issued their reports. Those genuine issues of material fact preclude granting defendant's motion to the extent that it seeks to dismiss in their entirety plaintiffs' claims for statutory damages under §658 and §1220.

However, the Court is concerned that some of plaintiffs' allegations, e.g. that State Farm withheld from "its expert engineers and from its Wind and Water Investigators" the information provided by Gerald Sciacca, an eyewitness to the storm in the area of the Perriens' property, are not verified in the record. The Court will address this issue again, if requested to do so, pursuant to a motion for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure, after hearing all of the plaintiffs' evidence with respect to their claim for statutory penalties.

Moreover, by denying the motion, the Court is not concluding that State Farm's failure, if any, to follow its Wind/Water Protocol, constitutes bad faith per se. Rather, the Court simply concludes that there are factual issues as to which it needs to hear all of the evidence before reaching a decision on State Farm's motion for partial summary judgment with respect to plaintiffs' claim for statutory penalties.

B.  Penalty Percentage Under §658

State Farm asserts that if it is found to be liable for statutory penalties under §658, that the 2006 amendment to §658 does not apply to plaintiffs' claim. In June 2006, the Louisiana Legislature amended §658 to increase the penalty recoverable under the statute from twenty five percent (25%) to fifty percent (50%) of the amount owed to the claimant. The Legislature further amended the statute to permit a successful claimant to be awarded reasonable attorney's fees and costs. *See 2006 La. Acts No. 813 §1.* The Legislature established August 15, 2006 as the effective date of those amendments.

The amendments do not retroactively. *Sher v. Lafayette Insurance Company*, ___ So. 2d ___, ___, 2008 WL 928486 at *11. Moreover, "[a]n insurer's failure to pay is not a continuing obligation that exposes it to liability pursuant to the amended version of 22:658 . . ." *Lambert v. State Farm Fire and Casualty Company*, 2008 WL 2185419 at *5 (E.D. La. May 20, 2008)(Africk, J.). The critical factor in determining the applicability of the 2006 amendment to §658 is not whether suit was filed prior to the

effective date of the amendment, but rather whether the thirty day period within which the insurer had to pay the claim, triggered by its receipt of a "satisfactory proof of loss," expired on or after August 15, 2006. If plaintiffs provided "satisfactory proof of loss" to State Farm and the thirty (30) day statutory period for paying the claim elapsed prior to August 15, 2006, the effective date of the amendment, then any penalty which plaintiffs might be entitled to would be limited to twenty five percent (25%) of the loss. However, if plaintiffs provided satisfactory proof of loss to State Farm and the thirty day period for paying the claim elapsed after the effective date of the act amending the statute, then plaintiff's right to a penalty would have arisen after the effective date of the amendment, and the amendment would apply in determining the amount of any penalty due.

With respect to penalties, the purpose of the proof of loss provision of La. Rev. State. 22:658 is to fully apprise the insurer of the nature and amount of the claim. *Benoit v. American Mutual Insurance Co. of Boston*, 236 So.2d 674, 677 (La. App. 3rd Cir. 1970). Because there is no evidence definitively establishing when plaintiffs provided State Farm with satisfactory proof of loss under their homeowner's policy, there is a genuine issue of material fact concerning whether the thirty (30) day period during which State Farm could have timely made payment, elapsed prior to or after the effective date of the amendment to §658. Thus, State Farm is not entitled to summary judgment on this issue.

### C. Consequential Damages Under La. Rev. Stat. 22:1220

Additionally, State Farm seeks summary judgment with respect to plaintiffs' claim for consequential damages under §1220 contending that plaintiffs have failed to identify any extra-contractu damages recoverable under the statute. Although plaintiffs have not submitted in connection with this motion any evidence of extra-contractu damages resulting from State Farm's alleged failure to timely pay their claim, the Court has previously denied State Farm's motion for summary judgment on plaintiffs'

claim for mental anguish and distress. (Doc. 91). Considering that ruling, this motion for partial summary judgment is denied to the extent that it seeks the dismissal of plaintiffs' claim for consequential damages under §1220.

Citing *Sher v. Lafayette Insurance Company*, 2008 WL 928486, State Farm also seeks an order recognizing that attorney's fees do not qualify as consequential damages under §1220. In *Sher* the Louisiana Supreme Court noted that "attorney's fees are not allowed except where authorized by statute or contract," and went on to conclude that because neither Article 1997 nor the insurance contract provided for an award of attorneys fees, Article 1997 did not provide for an award of attorneys fees. *Sher*, 2008 WL 928486 at *11. The analysis of attorney's fees in *Sher* is not determinative of whether attorney's fees constitute consequential damages under §1220. In *Sher* plaintiff specifically sought attorney's fees under Civil Code article 1997 for the insurer's bad faith breach of contract. The Louisiana Supreme Court did not address whether attorney's fees were compensable as consequential damages under §1220

However, it is well established that "[a]ttorney fees are not allowed in Louisiana except, where authorized by statute or contract." *Rivet v. State*, 680 So.2d 1154, 1160 (La. 1996). The Perriens' homeowner's policy does not provide a basis for an award of attorney's fees. Moreover, in *Calogero v. Safeway Insurance Company*, 753 So. 2d 170, 174 (La. 2000), the Louisiana Supreme Court unequivocally noted that §1220 does not provide for attorney's fees. Therefore, the Court concludes that there is no basis for an award of attorney's fees pursuant to §1220. Accordingly, State Farm is entitled to summary judgment to the extent that it seeks an order that attorney's fees cannot constitute consequential damages under §1220.

New Orleans, Louisiana, this 14th day of July, 2008.

_____
STANWOOD R. DUVAL, JR.

                                    UNITED STATES DISTRICT JUDGE