UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PETER PERRIEN AND SANDRA PERRIEN**          **CIVIL ACTION**

**VERSUS**                                    **NO. 06-8087**

**STATE FARM INSURANCE COMPANY**              **SECTION "K"(2)**

## ORDER AND OPINION

Before the Court is the "Motion for Partial Summary Judgment as to Flood Offset" filed on behalf of defendant State Farm Fire and Casualty Insurance Company" (Doc. 46). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, **GRANTS** the motion in part.

BACKGROUND

Peter and Sandra Perrien own a home located at 426 Moonraker Drive in Slidell, Louisiana. The home sustained significant damage as a result of Hurricane Katrina. At the time of Hurricane Katrina, State Farm entities provided the flood insurance and the homeowner's insurance on the Perriens' property.

Following the hurricane, plaintiffs filed claims with State Farm under both their homeowner's policy and their flood policy. Under plaintiffs' flood policy, State Farm paid the Perriens the limits of their coverage: $152,900.00 for dwelling damages and $52,900.00 for contents/personal property. Under the homeowner's policy, State Farm paid plaintiffs $9,125.00 for dwelling damages, $400.00 for contents damages, and $11,564.36 for Loss of Use of the home. State Farm denied the remainder of plaintiffs' claim under the homeowner's policy on the basis that the other damage for which recovery was sought had resulted from flood, an excluded peril under the homeowner's policy. Thereafter plaintiffs filed suit against State Farm seeking to recover the policy limits under their homeowner's policy as well as statutory penalties, interest and attorney' fees pursuant to La. Rev. Stat. 22:658 and La. Rev. Stat. 22:1220 for State

Farm's arbitrary and capricious failure to timely pay the amounts due to plaintiffs under their homeowner's policy. (Doc 1-4, p.4).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. "[M]ere allegations or denials" are not sufficient to defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e). The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

LAW AND ANALYSIS

State Farm filed this motion for partial summary judgment seeking orders that "(i) any recovery under Plaintiff's homeowner's policy must be reduced to the extent necessary to prevent Plaintiff from recovering twice for the same loss; and (ii) Plaintiffs cannot claim that damages that were previously compensated under their flood policy were, in fact, caused by wind." (Doc. 77-5). State Farm concedes that it is "not asking for a determination of the value of plaintiff's property or to usurp the jury's role in determining wind versus flood causation" (Doc. 77-5, p.6). Nor is State Farm seeking an order establishing the amount of any offset or credit that it may be entitled to as a result of previous payments made under the flood insurance policy.

Insurance contracts are contracts of indemnity; as such an insured is barred from recovering twice for the same loss. *See, e.g. Lambert v. State Farm Fire and Casualty Company*, 2008 WL 2185419, at *2 (E.D. La. May 20, 2008)(Africk, J.); *Wellmeyer v. Allstate Insurance* Company, 2007 WL 1235042, at *2 (E.D. La. April 26, 2007)(Feldman, J.); *Weiss v. Allstate Insurance Company*, 2007 891869, at *3 (E.D. La. Mar. 21, 2007)(Vance, J.); *Cole v. Celotex Corp.*, 599 So.2d 1058, 1080 (La. 1992). However, "a plaintiff whose property sustains damage from flood *and wind* can clearly recover for his segregable wind and flood damages *except to the extent that he seeks to recover twice for the same loss." Esposito v. Allstate Insurance Company*, 2007 WL 1125761, at *2 (E.D. LA. April 16, 2007)(Zainey, J.), *citing Weiss v. Allstate Insurance Company*, 2007 WL 891869, at *2. Therefore, plaintiffs are entitled to recover "any *previously uncompensated* losses that are covered by the homeowner's policy *and when combined with [their] flood proceeds do not exceed the value of the property." Esposito v. Allstate Insurance Company*, 2007 WL 1125761, at *2.

State Farm also contends that plaintiffs are barred from claiming that the damages for which they have been compensated under their flood policy were in fact caused by the wind. It is undisputed that plaintiffs made a claim under their flood insurance policy, and that they accepted $152,900.00 as damages to the dwelling and $52,900.00 as damages to contents which State Farm determined had been caused by flooding.

By accepting payment for damages under their flood policy, plaintiffs "tacitly confirmed that the damages identified were caused by flood." *Mui v. State Farm Fire & Casualty Company,* Civil Action No. 06-8238, (ECF) Rec. Doc. No. 29, pp. 3-4 (E.D. La. July 27, 2007)(Zainey, J.); *see also Lambert v. State Farm*, 2008 WL 2185419, at *4. While receipt of the money for damages under a flood policy does not preclude plaintiffs from asserting a claim under their homeowner's policy, it does preclude plaintiffs from "obtain[ing] a windfall double recovery by now recharacterizing as wind damages those losses for which [they have] already be compensated by previously attributing them to flood waters." *Esposito v. Allstate Insurance Company*, 2007 WL 1125761, at *2.

The Court notes that in its motion State Farm urges that evidence of plaintiffs' flood claim is admissible at trial "to the extent that it undermines Plaintiffs' 'causation' argument, as well as for impeachment purposes." (Doc. 46-3, p. 13.). Because plaintiffs have not filed a motion in limine to exclude any evidence concerning their flood claim, the Court declines to address the issue of the admissibility of such evidence at this time.

Based on the foregoing, the Court grants State Farm's motion to the extent it seeks an order that plaintiff's may not recover under their homeowner's policy for any damages for which they have previously

4

been compensated under their flood insurance policy.

    New Orleans, Louisiana, this 14th day of July, 2008.

                                                   STANWOOD R. DUVAL, JR.
                                           UNITED STATES DISTRICT JUDGE